*148 SUMMARY ORDER
Petitioner Alexander Gerontyevich Filippov (“Filippov”), a native and citizen of Russia, petitions for review of an October 8, 2004 Board of Immigration Appeals (“BIA”) decision affirming, by brief opinion, the September 17, 2003 decision of an Immigration Judge (“IJ”) to deny Filippov’s petition for asylum under the Immigration and Nationality Act (INA), 8 U.S.C. § 1158; for withholding of removal pursuant to the INA, 8 U.S.C. § 1231(b)(3); and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
Where the BIA issues a short opinion affirming the IJ’s decision in part and modifying it in part, we review the IJ’s opinion as modified by the BIA. See Ming Xia Chen v. BIA 435 F.3d 141, 144 (2d Cir.2006). Where the BIA declines to accept the IJ’s finding on credibility, the Court “must proceed as if [the petitioner’s] testimony were credible and determine whether the BIA’s decision is supported by substantial evidence in the face of his assumed (but not determined) credibility.” Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). In the present case, the BIA expressly rejected the IJ’s finding that Filippov was not credible, but it adopted the IJ’s conclusion that Filippov had failed to satisfy his burden of proof. Applying Ming Xia Chen and Yan Chen, we take the petitioner’s testimony as true, but look to the IJ’s discussion of Filippov’s satisfaction of his burden of proof.
The IJ’s finding that “thugs” were seemingly responsible for the incidents of violence against Filippov—i.e., that the actions were committed by criminals and thus not with the acquiescence of the government—was supported by substantial evidence. See Alvarado-Carillo v. INS, 251 F.3d 44, 49 (2d Cir.2001) (noting that substantial evidence “means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion” (internal quotation mark omitted)). This being the case, Filippov did not carry his burden with respect to his claim for asylum. Cf Sotelo-Aquije v. Slattery, 17 F.3d 33, 37 (2d Cir.1994) (noting that 8 U.S.C. § 1101(a)(42) “protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control”). Filippov similarly did not carry his burden under 8 U.S.C. § 1231(b)(3) to show that it was more likely than not that he would be persecuted if returned to Russia. See 8 C.F.R. § 208.16(c)(2).
With respect to Filippov’s CAT claim, the IJ held that there was nothing in the record to support a finding that the petitioner would be tortured if he returned to Russia. Filippov has abandoned any challenge to this finding, because he failed to set forth any basis for a claim of error. Issues that are not sufficiently argued in a brief are considered waived, and normally will not be addressed on appeal. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542, n. 1 (2d Cir.2005).
We have considered all of Filippov’s remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.